IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY LYONS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA AND | : | |
| SHANE DARDEN | : | NO. 06-5195 |

**ORDER-MEMORANDUM**

**AND NOW**, this 12th day of October, 2007, upon consideration of Defendant City of Philadelphia's Motion for Summary Judgment (Docket No. 31) pertaining to Defendant Darden's cross-claims against it, and Plaintiff's joining in the Motion for Summary Judgment with respect to Defendant Darden's federal counter-claims filed against her, **IT IS HEREBY ORDERED** as follows:

1. Defendant City of Philadelphia's Motion for Summary Judgment is **GRANTED**. Judgment is **ENTERED** in favor of the City of Philadelphia on all cross-claims asserted by Defendant Darden against the City of Philadelphia.

2. Plaintiff's Motion for Summary Judgment is **GRANTED**. Judgment is **ENTERED** in favor of Plaintiff on the First Cause of Action (federal civil rights violations) asserted by Darden in his counter-claims against Plaintiff.

Plaintiff Kimberly Lyons, a Philadelphia Police Officer, has brought this § 1983 action against the City of Philadelphia and Shane Darden, also a Philadelphia Police Officer, claiming excessive use of force. Darden filed counter-claims against Lyons, asserting a claim under § 1983 for excessive force and related state claims. Darden also filed a cross-claim against the City of Philadelphia pursuant to § 1983. Currently before the Court is a Motion for Summary Judgment filed by the City of Philadelphia ("the City"). Plaintiff joined in this motion for summary judgment

with respect to Darden's § 1983 claims filed against her.

As we have received no response from Darden to the City's Motion for Summary Judgment, the following facts are taken from the submissions by the City. On January 11, 2006, at approximately 8:00 a.m., Police Officer Shane Darden ("Darden") was inside the City of Philadelphia's 35th Police District building speaking with other officers regarding a jacket that had been borrowed by Police Officer Brian Wiercinski and not returned. (Def. SMF ¶¶ 1-2.) Plaintiff Kimberly Lyons ("Lyons"), who was Wiercinski's partner, participated in the conversation with Darden. (Def. SMF ¶¶ 1-2; Def. Ex. B at 2.) Lyons then left the 35th District building and went to her post at Olney High School, where she and Wiercinski were assigned security responsibility. (Def. Ex. B at 2, Def. SMF ¶ 5.)

Darden and his partner, Joel Fredericks, were assigned to the truant squad and Five Squad and were detailed to the Olney area as school truant/security officers. (Def. SMF ¶¶ 6-7.) At approximately 2:00 p.m., Darden and Fredericks also went into Olney High School. (Def. SMF ¶ 8.) Darden testified in his deposition that Lyons invited him and his partner into the school that day. (Darden Dep. Tr. at 37:8-10.) Darden and Wiercinski had a brief conversation inside the school about the jacket. (Def. SMF ¶ 9.) After that conversation ended, Darden and Lyons spoke inside the security office. (Def. SMF ¶ 10.) The conversation in the security office between Darden and Lyons quickly deteriorated, and Darden left the security office followed by Lyons. (Def. SMF ¶¶ 10-11.) In the hallway, their verbal dispute escalated into a physical altercation. (Def. SMF ¶¶ 11-12.) Portions of the confrontation were seen and/or heard by numerous students, faculty, security and police officers. (Def. SMF ¶ 14.) The physical confrontation ended when other officers were able to physically separate Darden and Lyons. (Def. SMF ¶ 15.)

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

To establish a claim under 42 U.S.C. § 1983, Darden "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995), cert. denied, 516 U.S. 858 (1995) (quoting Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993)). To act "under color of state law" means to "exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Barna v. City of Perth Amboy, 42 F.3d 809, 815-16 (3d Cir. 1994) (quotation and citation omitted). Acts of a state or local employee in his or her official capacity will generally be found to have occurred under color of state law. Id. at 816. Additionally, acts by a person who is without actual authority, but who purports to act according to official power, may also be acts under color of law. Id. Although police officers are undoubtedly state actors, see Abbott v. Latshaw, 164 F.3d 141, 146 (3d Cir. 1998), "a police officer's purely private acts which are not furthered by any actual or purported state authority are not acts under color of state law." Barna, 42 F.3d at 816.

In this case, there is no evidence that Lyons was acting under "color of law." Though there is no dispute that she was on-duty at the time of the incident with Darden, there is no evidence that she invoked her authority as a police officer in any way during the dispute. For example, there is no

evidence that she used her authority to obtain physical access to Darden, to assert control over him by ordering him to cease his actions, to prevent others from interfering in the altercation, or to place him under arrest. In the absence of evidence that Lyons's actions were furthered by any actual or purported state authority, she cannot be found to have acted under color of state law. Consequently, Darden's § 1983 claim against Lyons fails as a matter of law.

Darden has also asserted a Monell claim against the City. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978). Darden claims that the City failed to train, supervise, and/or discipline Lyons, and that the City maintained an inadequate investigatory and disciplinary system with respect to complaints of misconduct filed against police officers. "A finding of municipal liability does not depend automatically or necessarily on the liability of any police officer." Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994). However, for there to be municipal liability, there must be a violation of the plaintiff's constitutional rights. Brown v. Comm., Dep't of Health Emergency Med. Servs. Training Inst., 318 F.3d 473, 482 (3d Cir. 2003) (citing Collins v. City of Harker Heights, 503 U.S. 115 (1992). Not only must a plaintiff prove an improper policy or custom adopted with deliberate indifference to the deprivation of constitutional rights, but a plaintiff must also prove that there was a "direct causal" link between the policy or custom and a constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989).

In this case, there is no evidence (1) that Lyons had a history of complaints filed against her, either for use of excessive force or any other type of misconduct; (2) that the City's Internal Affairs Division improperly investigated complaints against her; or (3) that the City failed to discipline, supervise, or train Lyons after complaints were filed against her. Consequently, even if we were to assume that the City engaged in a policy or custom of inadequately training, supervising, or

disciplining its police officers, or had a policy or custom of inadequately investigating allegations of police officer misconduct, and that Lyons deprived Darden of his right to be free from excessive force, there is no evidence that these policies or customs in any way caused Lyons to use force against Darden. Consequently, based on the record before us, the City is entitled to summary judgment on Darden's § 1983 cross-claim.

        BY THE COURT:

        s/ John R. Padova, J.
        John R. Padova, J.